
**Peder Rigsby**, OSB #104903
Email:  peder.rigsby@bullivant.com
**Sean D. McKean**, OSB #204142
Email:  sean.mckean@bullivant.com
**Tracy L. Mainguy**, *pro hac vice*
Email:  tracy.mainguy@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351
Facsimile: 503.295.0915

*Attorneys for Defendant Moda Health*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GERALD S.** and **V.S.**, <br><br> Plaintiffs, <br><br> v. <br><br> **MODA HEALTH**, <br><br> Defendant. | Civil No.: 3:24-cv-00426-YY <br><br> **DEFENDANT'S MOTION TO DISMISS** <br><br> **(Request For Oral Argument)** |

**RULE 7-1 CERTIFICATION**

In compliance with L.R. 7-1(a), counsel for Defendant Moda Health ("Moda") conferred with counsel for Plaintiffs by phone before the filing of this motion, but the parties were unable to resolve the dispute.

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 1**

## I.  MOTION

Plaintiffs brought claims under the Employee Retirement Income Security Act ("ERISA") and the Mental Health Parity and Addiction Equity Act ("MHPAEA") arising out of Moda's denial to cover treatment Plaintiff V.S. received while attending wilderness therapy and therapeutic boarding school programs in Utah.  However, each of Plaintiffs' claims fail for several reasons:

1. Pursuant to Fed. R. Civ. P. 12(b)(6), the First Claim for Relief should be dismissed because Plaintiffs do not allege an entitlement to relief under the terms of the Moda Health Plan;

2. Pursuant to Fed. R. Civ. P. 12(b)(6), the Second Claim for Relief should be dismissed because Plaintiffs fail to plausibly allege any disparity in coverage with the mental health benefits sought and any comparable medical or surgical analogue;

3. Pursuant to Fed. R. Civ. P. 12(b)(7), the Second Claim for Relief should be dismissed because Plaintiffs failed to join necessary parties that cannot feasibly be joined; and/or

4. Pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiffs' prospective remedies alleged in Paragraph 33 should be dismissed because Plaintiffs lack standing to seek such remedies.

## II.  FACTUAL BACKGROUND

Gerald S. is the father of V.S.  (Dkt. No. 1 ¶ 1.)  Moda is a health insurance provider and was the insurer and claims administrator, as well as a fiduciary under ERISA for a fully insured health benefits plan (the "Plan") providing coverage for Plaintiffs through Gerald's employer from August 21, 2020 through December 31, 2020.  (Dkt. No. 1 ¶ 2.)

/ / /

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 2**

In this action, Plaintiffs seek remedies for an alleged breach of the Plan related to treatment Plaintiff V.S. received at two in-patient care facilities located in Utah.  (Dkt. No. 1 ¶¶ 3-4, 9.)  Prior to receiving treatment, Moda denied Plaintiffs' pre-authorization requests to cover this treatment under the Plan.  (*Id.* at ¶ 5.)  Following that decision, Plaintiffs submitted both first- and second-level appeals to Moda.  (*Id.* at ¶¶ 24, 26, 36, 47.)  Moda denied both appeals.  (*Id.* at ¶¶ 25, 31, 34, 35, 43, 49.)  Plaintiffs then requested an external agency review.  (*Id.* at ¶ 50.)  The external review agency upheld Moda's denial of Plaintiffs' claim.  (*Id.* at ¶ 56.)

While liability is disputed, Plaintiffs allege that Moda's denial breached the Plan's terms and violated ERISA and the MHPAEA.  (Dkt. No. 1 ¶ 58.)

### III.  LEGAL MEMORANDUM

#### A.  Legal Standard

The Court may dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) where the claim fails to state a claim for relief.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The "[f]actual allegations [in the Complaint] must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp.*, 550 U.S. at 555.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotations omitted).

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 3**

**B.    Plaintiffs' Section 1132(a)(1)(B) Claim Fails Because Plaintiffs Do Not Allege Entitlement to Relief Under the Terms of the Plan.**

Plaintiffs' First Claim for Relief, brought pursuant to 29 U.S.C. § 1132(a)(1)(B), fails as a matter of law because Plaintiffs have not alleged a violation of the Plan's terms. Instead, Plaintiffs' claim, in essence, alleges that Moda's compliance with the Plan violated the MHPAEA. Such a claim is not actionable pursuant to § 1132(a)(1)(B).

Section 1132(a)(1)(B) authorizes a plan "participant or beneficiary" to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 1132(a)(1)(B) "speaks of *enforcing* the terms of the plan, not of *changing* them." *CIGNA Corp. v. Amara*, 563 U.S. 421, 436, 1313 S.Ct. 1866, 179 L.Ed.2d 842 (2011) (emphasis in original) (quotation marks and alterations omitted). The statute, therefore, can authorize only enforcement of the Plan in accordance with its terms. *Id.* Indeed, the Supreme Court "ha[s] recognized the particular importance of enforcing plan terms as written" in such claims. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108, 134 S.Ct. 604, 187 L.Ed.2d 529 (2013). "The plan, in short, is at the center of ERISA" claims. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101, 133 S.Ct. 1537, 185 L.Ed.2d 654 (2013).

"Accordingly, a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (internal quotation marks omitted). Indeed, a Ninth Circuit panel recently affirmed a district court's finding that a plaintiff failed to state a claim because it did not "identify: (i) any ERISA plan . . . ; or (ii) any plan terms that specify benefits that the defendants were obligated to pay but failed to

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS
Page 4**

pay." *Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*, 805 Fed. App'x 530, 531 (9th Cir. 2020).

Plaintiffs' Section 1132(a)(1)(B) claim therefore fails because Plaintiffs do not allege that Moda violated the Plan. Instead, Plaintiffs allege that Moda ***complied*** with the Plan (Dkt. No. 1 ¶¶ 23-26, 31-33, 43), but that Moda's compliance with the Plan violated the MHPAEA. (*Id.* at ¶¶ 40, 41.) Specifically, Plaintiffs allege that coverage of Plaintiff V.S.'s treatment at Evoke was denied because Plaintiffs failed to comply with the pre-authorization provisions of the Plan. (*Id.* at ¶¶ 23-26, 31-33.) With respect to Evoke, Plaintiffs do not contend that Moda violated the terms of the Plan. Rather, Plaintiffs allege that the Plan should be revised to comply with the MHPAEA. (*See id.* at ¶ 29.)

Plaintiffs further allege that Plaintiff V.S.'s treatment at Sunrise was denied because Moda, in applying the Plan's definition of medical necessity and the Plan's internal procedures, determined that the treatment was not medically necessary. (*Id.* at ¶ 43.) As made clear in Paragraphs 40 and 41 of the Complaint, Plaintiffs are not alleging that Moda inappropriately applied the Plan's definition of medical necessity. Instead, Plaintiffs' allegation is that Moda did not apply the same criteria to determine if the treatment at Sunrise was medically necessary for in-patient treatment of a mental health claim as it would for an in-patient treatment of a medical claim, and thus violated the MHPAEA. (*Id.* at ¶¶ 40-41.)

Such a claim is not actionable under § 1132(a)(1)(B). *Physicians Surgery Center of Chandler v. Cigna Healthcare Inc.*, 550 F. Supp. 3d 799, 807-809 (D. Arizona 2021); *Christine S. v. Blue Cross Blue Shield of New Mexico*, 428 F. Supp. 3d 1209, 1229 (D. Utah Dec. 19, 2019) ("Plaintiffs may enforce their [MHPAEA] rights only through [§ 1132(a)(3)] and have no ability to duplicate these claims under a [§ 1132(a)(1)(B)] cause of action"); *see*

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 5**

*also Peter M. v. Aetna Health and Life Ins. Co.*, 554 F. Supp. 3d 1216, 1226 (D. Utah Aug. 12, 2021) (recognizing that the MHPAEA is "an amendment to ERISA that is enforced through equitable relief under § 1132(a)(3)").

Because Plaintiffs have not alleged that Moda violated the Plan's actual terms, Plaintiffs' § 1132(a)(1)(B) claim must be dismissed.

**C.    Plaintiffs' 29 U.S.C. § 1132(a)(3) Claim Fails Because Plaintiffs Do Not Plausibly Allege Any Unlawful Disparity in Coverage Between Residential Mental Health Benefits and Any Comparable Medical or Surgical Analogue.**

Plaintiffs' MHPAEA claim fails because Plaintiffs fail to allege any specific comparable analogous medical or surgical care that Moda treats differently than the mental health treatment at issue here.

The Parity Act requires that any limitations on "mental health or substance use disorder benefits" (MH/SUD) in an ERISA plan be "no more restrictive than the predominant treatment limitations applied to substantially all [covered] medical and surgical benefits." 29 U.S.C. § 1185(a)(3)(A)(ii). Thus, to succeed on a claim under the Parity Act, a plaintiff must show that an ERISA plan that offers both medical/surgical benefits and MH/SUD benefits imposed a "more restrictive limitation on [MH/SUD] treatment than limitations in treatment for medical and surgical issues." *Stone v. UnitedHealthcare Ins. Co.*, 979 F.3d 770, 774 (9th Cir. 2020).

An ERISA plan can violate the Parity Act in different ways: it can explicitly exclude some form of treatment for MH/SUD issues that is offered or comparable medical/surgical issues; it can apply a facially neutral plan term in an unequal way between MH/SUD and medical/surgical benefits; or it can apply a more stringent internal process to MH/SUD

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS
Page 6**

claims than to medical/surgical claims. *Ryan v. United Healthcare Group, Inc.*, 98 F.4th 965 (9th Cir. 2024).

Overall, that standard requires a plaintiff bringing an internal process case to plausibly allege the existence of a procedure used in assessing MH/SUD benefit claims that is more restrictive than those used in assessing some other claims under the same classification. *Cf. Twombly*, 550 U.S. at 557 (2007) (holding that allegations of conduct that are merely consistent with wrongdoing do not state a claim unless "placed in a context that raises a suggestion of" such wrongdoing). A plaintiff advancing an internal process challenge needs to provide some reason to believe that the denial of MH/SUD claims was impacted by a process that does not apply to medical/surgical claims.

Simply alleging the denial of a plaintiff's claims for behavioral health benefits is unlikely by itself to support a plausible inference that a defendant employed policies in violation of the Parity Act. *See H.H. v. Aetna Ins. Co.*, 342 F. Supp. 3d 1311, 1320-21 (S.D. Fla. 2018) ("While . . . Plaintiffs need not have proof of the specific processes that [the defendant] allegedly uses to deny coverage . . . , Plaintiffs must still include some factual allegations to lend support to their claim.").

A three-part analysis is used to determine whether a plaintiff has sufficiently pled a MHPAEA violation. *David P. v. United Healthcare Insurance Company*, 2020 WL 607620 at *15 (D. Utah Feb. 7, 2020). To properly plead a MHPAEA claim, a plaintiff must:

> (1) identify a specific treatment limitation on mental health benefits; (2) identify medical/surgical care covered by the plan that is analogous to the mental health/substance abuse care for which the plaintiffs seek benefits; and (3) plausibly allege a disparity between the treatment limitation on mental health/substance abuse benefits as compared to the limitations that [Moda] would apply to the covered medical/surgical analog.

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 7**

*Id.*

Plaintiffs fail to plead an actionable MHPAEA claim because they do not identify a specific comparable medical or surgical analogue subject to disparate treatment limitations from the mental health treatment for which Plaintiffs seek coverage. Here, Plaintiffs seek coverage for "sub-acute inpatient care to adolescents with mental health, behavioral, and/or substance abuse problems." (Dkt. No. 1 ¶ 4.) Plaintiffs, however, do not identify any specific analogous medical or surgical care that would have been covered by the Plan. Instead, Plaintiffs merely assert that Moda's criteria for unspecified medical or surgical benefits differs from the standards applied to Plaintiffs' claim. (*Id.* at ¶¶ 72-75.) Such conclusory allegations, in the absence of an identification of specific medical or surgical analogues, are insufficient to state a claim for relief. *A.H. by and through G.H. v. Microsoft Corporation Welfare Plan*, 2018 WL 2684387 (W.D. Wash. June 5, 2018); *Charles W. v. United Behavioral Health*, No. 2:18CV829TC, 2019 WL 6895331 at *5 (D. Utah Dec. 18, 2019) (unpublished); *see also H.H. v. Aetna Ins. Co.*, 342 F. Supp. 3d 1311 (S.D. Fla. Dec. 12, 2018) (finding similar allegations to be insufficient and granting defendant's motion to dismiss). Such "vague, conclusory, and generic statements that paraphrase or directly quote the statute's and regulation's language without tying the standards to any facts" is insufficient to state a claim under § 1132(a)(3). *Charles W., Cathy W., and T.W. v. United Behavioral Health, and the Wells Fargo & Company Health Plan*, 2019 WL 6895331 at *5 (D. Utah Dec. 18, 2019); *see also Chavez v. Robinson*, 12 F.4th 978, 985 (9th Cir. 2021) (the court "accept[s] as true 'well-pleaded factual allegations,' but not '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'").

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 8**

Plaintiffs' failure to plead specific analogous medical or surgical treatments defeats their claim and dismissal is appropriate.

**D.     Plaintiffs' § 1132(a)(3) Claim Must Be Dismissed Because Plaintiffs Failed to Join Necessary and Indispensable Parties and Those Parties Cannot All Feasibly be Joined.**

Pursuant to Fed. R. Civ. P. 12(b)(7), a claim may be dismissed for failure to join a party made necessary by Fed. R. Civ. P. 19. Pursuant to Fed. R. Civ. P. 19(a)(1), a party is necessary if the Court cannot accord complete relief in that party's absence or the absent party has an interest in the subject of the action such that disposing of the action in the party's absence may impair the party's ability to protect that interest or leave that party with a substantial risk of incurring inconsistent obligations. "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity or good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

"[I]n an action to set aside a lease or a contract, all parties who may be affected by the determination are indispensable." *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975). Thus, where ERISA claims seek a declaration of contract rights or seek to "void" contracts, all parties to the contract are necessary and indispensable parties. *See Del Castillo v. Cmty. Child Care Council of Santa Clara Cty.*, No. 17CV07243BLF, 2019 WL 2644234, at *5 (N.D. Cal. June 27, 2019) (unpublished).

Plaintiffs seek an order "requiring the reformation of the terms of the Plans and the medical necessity criteria utilized by [Moda] to interpret and apply the terms of the Plans to ensure compliance with MHPAEA[.]" (Dkt. No. 1 ¶ 83.) Plaintiffs further seek an

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS
Page 9**

injunction "ordering [Moda] to cease violating MHPAEA and requiring compliance with the statute." (*Id.*)

Plaintiffs' factual allegations about purported violations of MHPAEA stem from Moda's application of the terms of their own Plan – terms Moda has no power to modify. Plaintiffs complain that Moda applied Plan terms regarding the credentials of residential treatment centers to deny coverage of services Plaintiff V.S. allegedly received at Evoke and Sunrise. (*Id.* at ¶¶ 31, 49.) The pre-authorization requirement for the treatment at Evoke and the pre-admission requirements regarding the stay at Sunrise that Moda allegedly applied are written terms of the Plan and its internal procedures; the same processes and strategies were used to develop NQTLs for residential treatment as were used to develop NQTLs for medical or surgical services. (*Id.* at ¶¶ 32, 45.) In addition, both mental health services and medical/surgical services have additional requirements which were not listed in the handbook. (*Id.* at ¶ 32.)

If the self-funded plan sponsors ever chose not to continue their agreement with Moda, the Court's order would not bind any future administrator of the Plan. Thus, the plan administrator must be joined to "accord[] complete relief to Plaintiffs." *Cuevas v. Joint Benefit Trust*, No. 13CV00045JST, 2013 WL 3578496 at *3 (N.D. Cal. July 12, 2013) (unpublished). The self-funded plan administrators are also necessary parties under Rule 19(a)(1)(B)(i) because they maintain an interest in the action, and disposing of it in their absence could "as a practical matter impair or impede [their] ability to protect the interest." This is true of the self-funded plan sponsors' and plan administrators' legal interests both under the Plan documents and under their contractual agreements with Moda for administrative services to the Plan.

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS
Page 10**

Plans and their sponsors and plan administrators have a legal interest in the judicial interpretation of the language of their plans and a clear interest in any relief that might declare parts of their plans unenforceable – like the accreditation requirements Plaintiffs challenge in this case. *See Ward v. Apple Inc.*, 791 F.3d 1041, 1053 (9th Cir. 2015) ("it is well established that all parties to a contract are necessary in an action to set aside the contract"); *Del Castillo*, 2019 WL 2644234, at *5; *see also Disabled Rights Action Committee v. Las Vegas Events*, 375 F.3d 861, 881 (9th Cir. 2004) ("a district court cannot adjudicate an attack on the terms of a negotiated agreement without jurisdiction over the parties to that agreement" (quoting *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999))). Ordering the relief that Plaintiffs seek would affect the rights of self-insured plan sponsors and plan administrators even beyond the contractually limited administrative services that Moda provides to their plans.

In sum, the administrator of Plaintiffs' former self-funded plan, and the administrators of the Plan are necessary parties that Plaintiffs failed to join.

**E.     Plaintiffs' Prospective Remedies Should Be Dismissed Because Plaintiffs Lack Article III Standing to Seek that Relief.**

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of [the Court's jurisdiction under] Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To have standing, the plaintiff bringing an action must have "such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (internal quotation marks omitted). "There is no ERISA exception to

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 11**

Article III." *Thole v. U. S. Bank N.A.*, 290 U.S. 538, 547, 140 S.Ct. 1615, 207 L.Ed.2d 85 (2020).

Pursuant to Fed. R. Civ. P. 12(b)(1), the Court may dismiss a claim for lack of subject matter jurisdiction. Where it is clear that the plaintiff lacks standing to pursue particular remedies, the Court may dismiss those discrete remedies. *See, e.g., Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. April 2, 2021) (granting Rule 12(b)(1) motion "in part" as to portion of claims on standing grounds); *Gordon v. Perris Police Station*, 2019 WL 3021465, at *4 (C.D. Cal. June 14, 2019), *report and recommendation adopted*, 2019 WL 3017764 (C.D. Cal. July 10, 2019) (granting Rule 12(b)(1) motion in part as to prospective injunctive remedies). "Permitting declaratory relief plaintiffs to evade jurisdictional review of nonjusticiable claims by burying those claims beneath other justiciable claims within a single cause of action," as Plaintiffs do here, "would undermine federal courts' ability to police their own jurisdiction." *Lauren Moshi, LLC v. Fuentes*, No. CV186725DMG, 2019 WL 8690213 at *4 (C.D. Cal. June 25, 2019) (unpublished).

Employees must satisfy a standing requirement imposed by ERISA. "ERISA provides for a federal cause of action for civil claims aimed at enforcing the provisions of an ERISA plan." *Reynolds Metals Co. v. Ellis,* 202 F.3d 1246, 1247 (9th Cir. 2000) (citing 29 U.S.C. § 1132(e)(1)). To state such a claim, "a plaintiff must fall within one of ERISA's nine specific civil enforcement provisions, each of which details who may bring suit and what remedies are available." *Id.* (citing 29 U.S.C. §§ 1132(a)(1)-(9)).

In Paragraph 33(b) and (c) Plaintiffs allege:

> 33.  The violations of MHPAEA by Moda are breaches of fiduciary duty and also give the Plaintiffs the right to obtain appropriate equitable remedies as provided under 29 U.S.C.

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 12**

>§l 132(a)(3) including, but not limited to
>
>(b)     An injunction ordering the Defendant to cease violating MHPAEA and requiring compliance with the statute.
>
>(c)     An order requiring the reformation of the terms of the Plans and the medical necessity criteria utilized by the Defendant to interpret and apply the terms of the Plans to ensure compliance with MHPAEA

(Dkt. No. 1 ¶ 33.)  However, Plaintiffs' participation in the Plan ended on December 31, 2020.  (*Id.* at ¶ 2.)  Plaintiffs do not allege that they are currently enrolled in any health plan with a relationship with Moda.  Plaintiffs therefore lack standing to pursue any injunctive or declaratory relief relating to Moda's future conduct, as there is no threat of future "injury" and that relief can have no effect on them.  Plaintiffs lack standing to pursue forward-looking remedies.  Plaintiffs' claim for those remedies should be dismissed.

**F.     Plaintiffs' Prospective Remedies Should Be Dismissed Because Plaintiffs Are Not ERISA Fiduciaries and therefore Lack Standing to Pursue the Breach of Fiduciary Duty Claim Under 29 U.S.C. § 1132(a)(3)(B).**

Section 502(a)(3)(B) of ERISA permits a participant or beneficiary to bring a civil action "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3)(B).  Thus, the complaining party must seek "equitable, rather than legal, relief." *Reynolds Metals Co.*, 202 F.3d at 1247.  In assessing whether a claim for "equitable" relief has been properly brought under ERISA, the Court looks to the "substance of the remedy sought ... rather than the label placed on that remedy."  *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1185 (9th Cir. 2004) (citation and internal quotation marks omitted).

Further, "[t]o establish an action for equitable relief under ... 29 U.S.C. § 1132(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity and must violate

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS
Page 13**

ERISA-imposed fiduciary obligations." *Id*. at 1178 (citations and internal quotation marks omitted and emphasis added).  Unlike 29 U.S.C. § 1132(a)(2), which requires that relief sought must be on behalf of the entire plan, the Supreme Court has held that a participant or beneficiary has standing pursuant to section 1132(a)(3) to seek individual recovery in the form of "appropriate equitable relief."  *See Varity Corp. v. Howe*, 516 U.S. 489, 509–10, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996).

The Court has held that the term "equitable relief" in section 1132(a)(3) "must refer to 'those categories of relief that were typically available in equity....' "  *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (quoting *Mertens v. Hewitt Assocs*. ("*Mertens*"), 508 U.S. 248, 256, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)).  In *Mertens*, the Court held that plaintiffs who sued their pension plan's actuary for breach of its fiduciary duties could not seek relief pursuant to section 1132(a)(3) because their claims sought "monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties," which is the "classic form of legal relief."  508 U.S. at 255 (stating that "[a]lthough they often dance around the word, what petitioners in fact seek is nothing more than compensatory damages "); *see also Paulsen v. CNF Inc.,* 559 F.3d 1061, 1076 (9th Cir. 2009).

Similarly, here, the Plaintiffs request "An order providing restitution from the Defendant to the Plaintiffs for their loss arising out of the Defendant's violation of MHPAEA." (Dkt. 1 ¶ 83(h).)  As in *Mertens*, the Plaintiffs' claim for "make-whole monetary relief" seeks money damages, which fall outside of the remedy provisions of 29 U.S.C. § 1132(a)(3).

Thus, Plaintiffs fail to state a claim under 29 U.S.C. § 1132(a)(3)(B).

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS**
**Page 14**

## IV.  CONCLUSION

Plaintiffs' claims fail on their merits.  Plaintiffs' first claim fails because Plaintiffs have not alleged a violation of the Plan.  Instead, Plaintiffs allege that Moda complied with the Plan, but that in doing so Moda violated the MHPAEA.  Such an allegation is not actionable under § 1132(a)(2)(B).  Plaintiffs' second claim alleges a violation of the MHPAEA under § 1132(a)(3).  To plead such a claim, however, a plaintiff must allege specific medical or surgical care that receives disparate treatment from the mental health treatment sought under the Plan.  Plaintiffs' conclusory allegations are insufficient to demonstrate a MHPAEA violation.

Plaintiffs' § 1132(a)(3) claim, and the relief sought pursuant to that claim, also implicate the rights and obligations of plan sponsors and administrators that are not, and cannot feasibly be, joined to this action.  Plaintiffs also lack standing to pursue the prospective relief pursuant to that claim because Plaintiffs are no longer participants in the Plan.  Moreover, Plaintiffs fail to state a claim under § 1132(a)(3)(B) because they do not seek equitable relief.  The Court should grant this motion and dismiss the claims against Moda.

DATED:  May 21, 2024

BULLIVANT HOUSER BAILEY PC

By   *s/ Peder Rigsby*
Peder Rigsby, OSB #104903
Sean D. McKean, OSB #204142
Tracy L. Mainguy, *pro hac vice*
Telephone: 503.228.6351

*Attorneys for Defendant Moda Health*

4892-9311-7375.2 30766/00153

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S MOTION TO DISMISS
Page 15**