Megan Glor, OSB # 930178
Email: megan@meganglor.com
**Megan E. Glor Attorneys at Law**
707 NE Knott Street, Suite 101
Portland, OR 97212
Telephone (503) 223-7400
Facsimile: (503) 751-2071

Brian S. King, #4610
brian@briansking.com
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GERALD S. and V.S., <br><br>         Plaintiffs, <br><br> v. <br><br> MODA HEALTH, <br><br>         Defendant. | Civil No.: 3:24-cv-00426-YY <br><br> PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

## I.   INTRODUCTION

Fed. R. Civ. P. 12(b)(6) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint fails to meet this standard, it may be dismissed under Rule 12(b)(6) for a "failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss under Rule 12(b)(6), the reviewing court must "accept the allegations in the complaint as true" and "draw all reasonable inferences in favor of the plaintiff." *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021). Similarly, the Ninth Circuit has held that "[w]hen considering a motion to dismiss, the district court accepts as true the factual allegations of a complaint and interprets those facts in the light most favorable to the plaintiff." *Beverly Oaks Physicians Surgical Ctr., Ltd. Liab. Co. v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020).

When so viewed, a complaint will survive a motion to dismiss if the allegations "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible where a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (internal quotation marks and citation omitted). In other words, the complaint must provide just "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010).

Plaintiffs have met the relevant standard. The Complaint alleges sufficient facts for the Court to reasonably infer both that Defendant violated the Mental Health Parity and Addiction Equity Act ("MHPAEA") and that Defendant wrongfully denied V.S.'s claims for benefits. Because Defendant has not met its burden, its motion to dismiss should be denied.

/ /

/

PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION
TO DISMISS – Page 2

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

## II. ARGUMENT

### A. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THAT DEFENDANTS WRONGLY DENIED BENEFITS UNDER THE TERMS OF THE PLAN BENEFITS FOR BOTH EVOKE AND SUNRISE.

The Complaint alleges a wrongful denial of benefits for services received at two different treatment facilities, Evoke and Sunrise.

**1. Evoke**

The Complaint adequately alleges that Moda wrongfully denied coverage of the services V.S. received at Evoke because it deviated from the terms of the Plan. Specifically, the Complaint alleges that Moda wrongfully imposed a preauthorization requirement that applies to residential treatment centers, whereas Evoke was licensed as an outdoor behavioral health provider. Complaint (ECF #1), ¶¶ 26-29. The Complaint alleges: "Andrea [V.S.'s mother] pointed out that Moda claimed that a full list of services requiring preauthorization was available on its website and noted that outdoor behavioral health programs were conspicuously absent from that list." *Id*. at ¶ 28. This paragraph identifies a specific Plan term and Moda's violation.

These facts show that Plaintiffs identified a particular Plan provision that that they allege Moda violated. Read in the light most favorable to the Plaintiffs, the Complaint plausibly alleges that Moda wrongfully denied benefits. Defendant's recitation of relevant facts fails to cite to these and other relevant paragraphs of the Complaint and fails to present the facts in the light most favorable to the Plaintiffs. Defendant's recitation of relevant facts fails to cite to these and other relevant paragraphs of the Complaint and fails to present the facts in the light most favorable to the Plaintiffs. See Motion to Dismiss (ECF #24), at pp. 4-6. Indeed, Defendants fail to address paragraphs 27, or paragraphs 59-67, which even more explicitly detail the denied

benefits claim. Defendant's argument that Plaintiffs have inadequately pled a denied benefits claim therefore fails.

### 2. Sunrise

Likewise, the Complaint adequately alleges that Moda wrongfully denied benefits for the treatment V.S. received at Sunrise. It alleges that Moda violated ERISA by denying the Plaintiffs with a full and fair review. *Id*. at ¶¶ 61, 62, 65. It alleges that Moda also failed to respond to the arguments and evidence presented in the appeal. *Id.* at ¶ 63. The Complaint alleges that Moda relied on improper criteria and then inappropriately changed its rationale, violating ERISA. *Id*. at ¶ 64. The Complaint also alleges that Sunrise qualifies as a residential treatment center according to the "plan booklet." *Id.* at ¶ 39.

The Complaint further alleges that Moda's wrongful denial of "coverage for V.S.'s medically necessary treatment [is] a violation of the terms of the Plan and its medical necessity criteria." *Id*. at ¶ 66. This allegation demonstrates that Moda is incorrect in its assertion that Plaintiffs do not allege that Moda violated the terms of the Plan. (See ECF 24, p. 5) Defendant's rely on a narrow reading of the Complaint focusing on paragraphs 40-41 to characterize Plaintiffs' cause of action as limited to a MHPAEA violation. *Id.*

Moda compounds its erroneous interpretation and argues that a duplicative MHPAEA claim cannot be made under 29 U.S.C. § 1132(a)(1)(B). *Id.* In making this argument, Moda purports to rely on *Christine S. v. Blue Cross Blue Shield of N.M.*, 428 F. Supp. 3d 1209 (D. Utah 2019). But *Christine S.* holds that "[p]laintiffs' [MHPAEA] claim is not barred by the reasoning in *Varity* because it is alternative to, rather than duplicative of, their denial of benefits claim." *Id.* at 428 F. Supp. 3d 1209, 1229.

Because a Plaintiff is allowed to plead in the alternative, and because Defendant ignores the vast majority of the Complaint, its argument fails. S*cott D. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 23-cv-05664-RS, 2024 U.S. Dist. LEXIS 45516, at *5-6 (N.D. Cal. Mar. 14, 2024) (holding that in a case alleging both an ERISA and MHPAEA violation, alternative pleading is permissible, but a double recovery is not). For both the Evoke and Sunrise claims, Plaintiffs have adequately pled a wrongfully denied benefits claim separate from their MHPAEA cause of action. Therefore, Defendant's motion should be denied.

### B. RECENT OPINIONS CLARIFY THE CONTOURS OF PROPERLY PLED MHPAEA CAUSES OF ACTION.

Recently, two courts of appeal weighed in on the proper pleading of a MHPAEA cause of action, in *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265 (10th Cir. Nov. 21, 2023), and *Ryan S. v. UnitedHealth Grp. Inc., Ryan S. v. UnitedHealth Grp., Inc.*, 98 F.4th 965 (9th Cir. 2024). Both concluded that the plaintiffs stated valid claims that the ERISA administrator violated MHPAEA, and both Courts explained in detail the pleading standards for MHPAEA claims. Because MHPAEA litigation on ERISA cases is both a relatively new and a narrow area of law, these decisions provide a useful framework to evaluate Plaintiff's claims.

In the earlier case, *E.W. v. Health Net*, the Tenth Circuit reversed the district court's dismissal of an MHPAEA claim. The Court acknowledged that there is no specific test for correctly pleading a MHPAEA cause of action and set forth several tests that district courts have used, adopting one "to which the parties agreed at oral argument[.]" 86 F.4th 1265 at 1283. Under that test, a plaintiff must:

(1) plausibly allege that the relevant group health plan is subject to MHPAEA;

(2) identify a specific treatment limitation on mental health or substance-use disorder benefits covered by the plan;

PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION
TO DISMISS – Page 5

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

    (3) identify medical or surgical care covered by the plan that is analogous to the mental health or substance-use disorder care for which the plaintiffs seek benefits; and

    (4) plausibly allege a disparity between the treatment limitation on mental health or substance-use disorder benefits as compared to the limitations that defendants would apply to the medical or surgical analog.

*Id.* Applying this test, the Tenth Circuit determined that plaintiff E.W. had plausibly asserted a MHPAEA claim *Id.*

    Similarly, the Ninth Circuit articulated standards for MHPAEA briefing in *Ryan S.* The district court had dismissed the plaintiff's putative class action that asserted MHPAEA claims, finding that he had not met the FRCP 12(b)(6) standard.

    The Ninth Circuit disagreed. The Court first articulated the "different ways" an "ERISA plan can violate the Parity Act[,]" including: (1) explicitly excluding "some form of treatment for MH/SUD issues that is offered for comparable medical/surgical issues;" (2) applying "a facially neutral plan term in an unequal way between MH/SUD and medical/surgical benefits;" or (3) applying "a more stringent internal process to MH/SUD claims than to medical/surgical claims." *Ryan S. v. UnitedHealth Grp., Inc.*, 98 F.4th 965, 971 (9th Cir. 2024) The Court also cautioned that "[a]ttempts to craft and apply a rigid multi-prong test that applies to all three situations can lead to the erroneous dismissal of potentially meritorious Parity Act claims" and "[b]ecause violations of the Parity Act can take different forms, an evaluation of the plausibility of a complaint must reflect the specific violation alleged." Id. at 971-972. The Court then observed that *Ryan S.* had adequately pled the existence of an internal process that UnitedHealth Group applied to mental health and/or substance use disorders that was not reflected in the internal processes it applied to analogous medical/surgical care and reversed the district court's dismissal. See generally *Ryan S.,* 98 F.4th 965.

PLAINTIFFS' RESPONSE IN OPPOSITION  
TO DEFENDANT'S MOTION  
TO DISMISS – Page 6

Megan E. Glor, Attorneys at Law  
707 NE Knott Street, Suite 101  
Portland, OR  97212  
503-223-7400

### C. PLAINTIFFS HAVE ADEQUATELY ALLEGED THEIR MHPAEA CAUSE OF ACTION

First, applying the elements of a MHPAEA allegation as discussed above, the Defendant does not dispute that Moda is subject to MHPAEA, alleged in paragraphs 9, 68, and 83 of Plaintiffs' Complaint. Paragraph 9 asserts the availability of remedies through MHPAEA to the Plaintiffs. Paragraph 68 alleges that Moda had the obligation to comply with MHPAEA. Paragraph 83 outlines the scope of independent remedies that MHPAEA can provide. When these paragraphs are read in the light most favorable to the Plaintiffs, the Plaintiffs have plausibly alleged that the relevant group health plan is subject to MHPAEA. This satisfies the first element of MHPAEA pleading test.

Second, Plaintiffs have identified specific treatment limitations on mental health substance use disorder benefits that are covered by the Plan. One such treatment limitation is the neutral "medical necessity" term of the policy: Paragraph 24 alleges that V.S.'s claims were entitled to a medical necessity review that was not provided. The Complaint also alleges that because Evoke had a specific revenue code that Moda did not acknowledge, it imposed an additional treatment limitation on V.S.'s mental health disorder benefits that it does not impose on analogous medical surgical benefit claims. ECF #1, ¶ 27, 80. The Complaint also alleges that the family requested mental health and medical/surgical guidelines to be able to compare, but that those documents were not provided. Id., ¶ 30.

Regarding Sunrise's treatment, the Complaint alleges that Moda violated MHPAEA as it related to treatment limitations that Moda imposed on mental health benefits by its application of its definition of medical necessity. Specifically, the Complaint identifies a treatment limitation based upon Moda's deviation from "generally accepted standards of medical

PLAINTIFFS' RESPONSE IN OPPOSITION  
TO DEFENDANT'S MOTION  
TO DISMISS – Page 7

Megan E. Glor, Attorneys at Law  
707 NE Knott Street, Suite 101  
Portland, OR 97212  
503-223-7400

practice" *Id*. at ¶¶ 52, 74, 75, 79. Through these factual allegations, Plaintiffs adequately allege a treatment limitation and satisfy the second element of MHPAEA pleading test.

Third, Defendant errs in arguing that Plaintiffs fail to identify medical or surgical care covered by the plan that is analogous to the mental health or substance-use disorder treatment for which they seek coverage. ECF #24, ¶ 10. Defendant's argument ignores that the Complaint explicitly identifies skilled nursing and inpatient rehabilitation facilities as analogues. ECF #1, ¶¶ 73, 79. Indeed paragraph 73 states "Comparable benefits offered by Moda for medical/surgical treatment analogous to the benefits Moda excluded for V.S.'s treatment include sub-acute inpatient treatment settings such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities." On its face, the Complaint contains sufficient factual allegations to sufficiently plead that relevant analogs have been properly identified. Because Plaintiffs identified the medical/surgical analogs, they satisfy the third element of MHPAEA pleading.

Fourth, the final element of MHPAEA pleading standard requires allegations that a treatment limitation has been imposed more strictly on mental health benefits when compared to the analogous medical/surgical benefits. The Complaint satisfies this element. The Complaint alleges that when it evaluates benefits for medical and surgical rehabilitation benefits, Moda takes into consideration safety and preventing decline or relapse when evaluating admission into an intermediate care facility, such as a skilled nursing or rehabilitation facility. ECF #1, ¶¶ 41, 51, 52, 55, 70-79. Conversely, when evaluating mental health claims, the Complaint plausibly alleges that Moda follows generally accepted standards when interpreting analogous medical/surgical benefits, but it deviated from those standards when evaluating V.S.'s treatment at Evoke and Sunrise. *Id*., ¶¶ 52, 74-79. This distinction plausibly alleges a disparity between

PLAINTIFFS' RESPONSE IN OPPOSITION  
TO DEFENDANT'S MOTION  
TO DISMISS – Page 8

Megan E. Glor, Attorneys at Law  
707 NE Knott Street, Suite 101  
Portland, OR  97212  
503-223-7400

the treatment limitations on mental health or substance-use disorder benefits as compared to the limitations that defendants would apply to the medical or surgical analog. *Id*.

The Complaint also alleges a disparity in treatment limitation because it argues Moda would evaluate analogous medical surgical claims taking into account safety issues of the patient when it failed to do so for V.S.'s claim. *Id*., ¶ 78. The same applies to the allegation that Moda failed to consider the importance of "preventing decline or relapse when admission into an intermediate care facility, such as a skilled nursing or rehabilitation facility." *Id*.

All of these alleged facts, when read as a whole, satisfy the requirements of MHPAEA pleading and plausibly allege that Moda violated MHPAEA. The Complaint conforms to the standards elucidated by both the Ninth and Tenth Circuits. See *Ryan S*., *supra*, 98 F.4th at 969, *E.W.*, 86 F.4th 1265.

> A plaintiff presenting [a MHPAEA violation] may be able to allege a plausible claim without having to allege a categorical practice or differential treatment for his or her medical/surgical claims. It is enough for such a plaintiff to allege the existence of a procedure used in assessing MH/SUD benefit claims that is more restrictive than those used in assessing medical/surgical claims under the same classification, as long as the allegation is adequately pled.

*Ryan S*., 98 F.4th at 969. The motion to dismiss the MHPAEA cause of action for inadequate pleading fails when the Complaint is read in the light most favorable to the Plaintiffs, drawing reasonable inferences from the allegations.

### D. BECAUSE THE PLAN IS FULLY-INSURED THERE ARE NO ADDITIONAL NECESSARY PARTIES.

Defendant's argument that the Complaint should be dismissed for failure to join the Plan or the Plan administrator fails. The Plan and Plan administrator are not necessary parties because the Plan is fully insured. Defendant's argument ignores that the Complaint alleges (ECF #1, ¶ 2) that the Plan is fully insured. Defendant's Motion simply ignores this fact.

Defendant's reliance on *Lomayaktewa v. Hathaway*, 520 F.2d 1324 (9th Cir. 1975), is misplaced. *Lomayaktewa* did not involve an ERISA-governed plan or claim. Likewise, it also mistakenly relies on *Del Castillo v. Cmty. Child Care Council of Santa Clara Cty., Inc.,* No. 17-cv-07243-BLF, 2019 U.S. Dist. LEXIS 216085, at *5 n.2 (N.D. Cal. Dec. 16, 2019). *See* ECF #24, p. 9. The Court in *Del Castillo* did not address the status of necessary parties under fully-insured and self-funded plans. Because the Plaintiffs were insured under a fully-insured plan, neither the Plan nor the Plan administrator will be affected by a decision against Moda. Only Moda will be affected by an order that it violated MHPAEA.

Defendants argue that a "self-funded" plan sponsor must be joined. *Id*. at pp. 10-11 (Defendant makes this self-funded error at least 4 times). But this argument has no merit regarding the fully-insured Plan in this case, as alleged in the Complaint (ECF #1, ¶ 2).

Plans and their sponsors are not necessary parties when the coverage in question is part of a fully-insured plan. See *Schleicher v. Life Ins. Co. of N. Am.*, No. 8:23CV556, 2024 U.S. Dist. LEXIS 15787, at *1-2 (D. Neb. Jan. 30, 2024). In *Schleicher,* the Court accepted a voluntary dismissal of a Plan that was a defendant because the claims involved a fully-insured plan, i.e., an ERISA plan completely funded by the purchase of an insurance policy. See also *Nixon v. Anthem*, Inc., No. 3:19-cv-00076-GFVT, 2020 U.S. Dist. LEXIS 151332, at *9 (E.D. Ky. Aug. 18, 2020).  A plan administrator is not a necessary party unless it exercises control over the decision to grant or deny benefits. *Nixon v. Anthem, Inc.,* No. 13-CV-00076 (GFVT), 2020 WL 4910290, at *3 (E.D. Ky. Aug. 18, 2020) (citing *Ciaramitaro v. Unum Life Ins. Co. of Am.*, 521 F. App'x 430, 438 (6th Cir. 2013) (summary order)).

 Further, when an administrator lacks the discretion to grant or deny benefits, it is not an ERISA fiduciary. *Ciaramitaro*, 521 F. App'x at 438; *Moore v. Lafayette Life Ins. Co.*, 458

F.3d 416, 438 (6th Cir. 2006). But here, where the insurer, Moda, made the benefit decision, it is the only necessary party because it carried out the fiduciary duties involving Plan benefits.

### E.  PLAINTIFFS HAVE ALLEGED SUFFICIENT FACTS TO DEMONSTRATE ELIGIBILITY FOR EQUITABLE REMEDIES.

Caselaw refutes the Defendant's arguments that Plaintiffs cannot obtain equitable relief. *See* ECF #24, pp. 11-14. A court may order that contract interpretation comply with federal law when reevaluating a benefit claim on remand. The Ninth Circuit has imposed parameters on contract interpretation to ensure that ERISA plans are interpreted consistent with federal law.

> Nevertheless, as we read, interpret, and fill any gap in the language of the Parity Act, we are satisfied that it precludes the Plan from deciding, as the Plan does, that it will provide room and board reimbursement at licensed skilled nursing facilities for medical and surgical patients, but will not provide room and board reimbursement at residential treatment facilities for mental health patients.

*Danny P. v. Catholic Health Initiatives*, 891 F.3d 1155, 1158 (9th Cir. 2018). In *Danny P.* the Ninth Circuit compelled the self-funded plan to interpret its policy to avoid a MHPAEA violation. *Id.*

Here, if the Court finds that there was an MHPAEA violation, it can order an appropriate remedy. A motion to dismiss is not the proper mechanism, and this is not the correct time, to assess the merits of Plaintiffs' claims or the proper remedies. Defendant's arguments on this point are premature. Because the Complaint alleges that Moda violated MHPAEA, the Complaint survives a motion to dismiss and the questions that Moda raised should be resolved during briefing on the merits.

### F.  PLAINTIFFS HAVE STANDING FOR THE COURT TO RESOLVE THE MHPAEA DISPUTE.

Article III standing exists when a plaintiff demonstrates "(1) a personal injury; (2) that is fairly traceable to the defendant's wrongful conduct; and (3) the injury is likely to be redressed

PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION
TO DISMISS – Page 11

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

by the relief sought." ECF #58, p. 47 (citing *Fulani v. League of Women's Voters Educ. Fund*, 882 F.2d 621, 624 (2d Cir. 1989) (other citations omitted)).

MHPAEA was "designed to end discrimination in the provision of coverage for mental health and substance use disorders as compared to medical and surgical conditions in employer-sponsored group health plans and health insurance coverage offered in connection with group health plans." *M. S. v. Premera Blue Cross*, 553 F. Supp. 3d 1000, 1027 (D. Utah 2021). To that end, MHPAEA prohibits ERISA-governed plans from imposing treatment limitations on mental health or substance use disorder benefits that are more restrictive than the predominant treatment limitations applied to analogous medical and surgical benefits. *See* 29 U.S.C.§1185a (a)(3)(A)(ii). MHPAEA also prohibits treatment limitations that are applicable only with respect to mental health or substance use disorder benefits. *Id*.

Courts have determined that a core purpose of MHPAEA is to end discrimination. When disparate treatment limitations are imposed on mental health claims, the claimant suffers an injury in the form discrimination and all of the harms that come with it. Additionally, when read in the light most favorable to Plaintiffs, the MHPAEA violation in this case resulted in a wrongful denial of benefits. That fact does not mean Plaintiffs seek a double monetary recovery - which they do not - however, if for any reason that the Court cannot award benefits under the Plaintiffs' claim for denied benefits, their MHPAEA cause of action provides an alternate avenue for relief. Defendants provide no argument or evidence refuting that Plaintiffs suffered a monetary loss from a wrongfully denied claim as well as harm from disparity in the treatment of their mental health claims when compared to analogous medical/surgical claims.

Plaintiffs also allege that the harm can be attributed to Moda's conduct. The plausible allegations regarding improper discrimination are found in Moda's denial letters and Plaintiffs'

PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION
TO DISMISS – Page 12

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

letters of appeal. ECF #1, ¶¶ 23-33, 35-55, 68-83. No other entity is responsible for the words that Moda put in its denial letters and the disparate practices from its inconsistent guidelines. "One of ERISA's central goals is to enable plan beneficiaries to learn their rights and obligations at any time …. this goal is implemented by a scheme 'built around reliance on the face of written plan documents.'" *Member Services Life Ins. Co. v. American National Bank and Trust Co. of Sapulpa*, 130 F.3d 950, 956 (10th Cir. 1997) *cert. den.*, 523 U.S. 1139 (1998) (citations omitted).

Plaintiffs adequately pled that Moda's rationale for denial and the potential disparity in disparate guidelines form bases for a MHPAEA violation. ECF #1, ¶ 42. And they allege that Moda's interpretation of the certificate of coverage and level of care guidelines, as compared to analogous medical /surgical claims, caused the harm to the plaintiffs.

Finally, these alleged harms can be remedied by the equitable powers of the Court. Plaintiffs have identified multiple potential remedies based on the nature and scope of the alleged MHPAEA violation. The most appropriate equitable remedy should be determined after a decision on the merits is issued, when the parties will know the scope of the MHPAEA violations, through supplemental briefing.

Defendant argues that the Plaintiffs do not allege a continuing contractual relationship with Moda. ECF #24 at 13. That argument ignores that the Court might order a remand for Moda to properly evaluate the benefit claim. A remand would require an MHPAEA-compliant review, demonstrating standing, which Defendant erroneously argues is lacking. And, as discussed above, a review on remand would require an interpretation of the policy that complies with MHPAEA.

Furthermore, contrary to Defendant's argument, a plaintiff does have standing to seek appropriate equitable relief from the insurer of a fully-insured plan. In that case, the insurer is an

PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION
TO DISMISS – Page 13

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

ERISA fiduciary. For example, in *Maronde v. Sumco USA Grp. Long-Term Disability Plan*, 322 F. Supp. 2d 1132, 1139 (D. Or. 2004), this Court noted that the insurer was an ERISA fiduciary. Finally, because Plaintiffs request plenary equitable relief, their Complaint withstands the motion to dismiss. It is premature to determine the scope of remedies that will make the Plaintiffs whole at the pleading stage.

### III. CONCLUSION

Plaintiffs have adequately pled causes of action for wrongfully denied benefits and for multiple MHPAEA violations. Additionally, Plaintiffs have standing to sue for the remedies they have requested. Finally, no additional necessary parties are required to resolve the issues presented because this case involves a fully-insured policy. For all of the foregoing reasons Defendant's Motion to Dismiss should be denied.

Respectfully submitted: June 11, 2024

s/ Megan E. Glor
Megan Glor, OSB # 930178
Telephone (503) 223-7400

s/ Brian S. King
Brian S. King, *pro hac vice;* UT #4610
Telephone: (801) 532-1739

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION
TO DISMISS – Page 14

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400