**Peder Rigsby**, OSB #104903
Email: peder.rigsby@bullivant.com
**Sean D. McKean**, OSB #204142
Email: sean.mckean@bullivant.com
**Tracy L. Mainguy**, *pro hac vice*
Email: tracy.mainguy@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351
Facsimile: 503.295.0915

*Attorneys for Defendant Moda Health*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GERALD S.** and **V.S.**,<br><br>Plaintiffs,<br><br>v.<br><br>**MODA HEALTH**,<br><br>Defendant. | Civil No.: 3:24-cv-00426-YY<br><br>**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**<br><br>*(Request For Oral Argument)* |

## I. INTRODUCTION

The Honorable Judge Youlee Yim You held a hearing on February 11, 2025, regarding Defendant's Motion to Dismiss[1] during which the Court concluded that Plaintiffs'

---

[1] See, Dkt. 24.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**
**Page 1**

allegations are insufficient to state a claim for Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B).  The court granted Plaintiffs leave to file an amended complaint to address issues raised by Moda and the court regarding Plaintiffs' first claim under 29 U.S.C. § 1132(a)(1)(B) (see Motion to Dismiss, Section III.B), i.e. that the allegations confirm that the Plan complied with the Plan language (and did not breach it), and set a deadline for Moda to file a supplemental motion to dismiss regarding the amended First Claim for Relief.[2]

To state a claim for recovery of benefits under § 1132(a)(1)(B), Plaintiffs must allege that Moda violated the terms of the Plan by denying Plaintiff V.S.'s claims for treatment at Evoke and Sunrise.  *Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*, 805 Fed. App'x 530, 531 (9th Cir. 2020).

Plaintiffs filed their First Amended Complaint ("FAC") adding the following allegations to address the issues raised at the February 11, 2025, hearing regarding the initial Complaint's failure to allege that the Plan breached the Plan provisions in denying the claims for services provided by Evoke and Sunrise:

64. For the Claims at Evoke, Moda originally denied benefits claiming a lack of prior authorization.

65. Subsequently, Gerald S. submitted evidence that Evoke was licensed as an outdoor behavioral health provider.

66. Outdoor behavioral health providers are not listed as facilities that require prior authorization.

67. The Plan states at Section 6.1.1 that a full list of services and supplies requiring prior authorization is on the Moda Health website.

///

---

[2] See, Dkt. 33.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS
Page 2**

68. Because Evoke was licensed as an outdoor behavioral health provider it did not need to satisfy the requirements of a chemical dependency treatment provider.

69. Evoke provided medically necessary services and it qualified as a provider to offer those services.

70. As it relates to the services at Sunrise, Moda ignored the evidence that the treatment was medically necessary as that term is defined by the Plan.

71. Namely the services at Sunrise were consistent with V.S.'s diagnoses and treatment plan.

72. The residential services are known to be effective.

73. The treatment at Sunrise was the most cost effective to safely treat V.S.'s needs.

(Dkt. 36, ¶64-72).

Plaintiffs' newly added allegations to their FAC (cited above), and the allegation in Paragraph 38 of the FAC that "Sunrise clearly met the definition of a residential program . . . not only was Sunrise duly licensed by the State of Utah to provide residential care, but it was also fully accredited by The Joint Commission", are irrelevant.  This is, essentially, a contract interpretation issue.  The fact that **licensing authorities and other entities define and/or code services provided by the Plan differently than how the Plan defines and/or codes the same services is not grounds for disregarding the Plan language**, which controls whether services are covered by the Plan.

Controlling precedent is clear that the plain language of the Plan determines how services rendered by providers are defined and whether services are covered by the Plan, not the labels provided for the same services by licensing agencies, or codes adopted by outside

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS
Page 3**

entities.[3]

Moda denied Plaintiff V.S.'s claims for treatment at Evoke because Plaintiff did not obtain pre-authorization for treatment at the residential chemical dependency program. Moda denied Plaintiff V.S.'s claims for treatment at Evoke and Sunrise under the plain language of the Plan and based upon its application of its internal procedures for Residential Programs as defined in the Plan Booklet, which required a specific number of hours of treatment per day.[4]

Paragraph 4 of Plaintiffs' FAC, like the initial Complaint, alleges:

> 4.   Evoke and Sunrise are programs located in Utah, which provide sub-acute inpatient care to adolescents with mental health, behavioral, and/or substance abuse problems.

(Dkt. 36, ¶4).  Thus, Plaintiffs concede that both Evoke and Sunrise are inpatient residential programs.  It is undisputed that the Plan requires pre-authorization for residential treatment programs[5] and that "Residential program does not include any program that provides less than 4 hours per day of direct treatment services."[6]  Thus, the allegations of the FAC, like those of the initial Complaint, allege that Moda complied with the Plan in denying coverage of the claims for services provided by Evoke and Sunrise.

///

---

[3] *CIGNA Corp. v. Amara*, 1313 S.Ct. 1866 (2011); see also, *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct. 604 (2013).

[4] Dkt. 36, ¶¶ 24, 30-34, 37, 42, 44, 48, 55.

[5] Dkt. 36, ¶¶30-31, 37.

[6] Dkt. 36, ¶37.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**
**Page 4**

As such, Plaintiffs fail to state a claim under § 1132(a)(1)(B) in their FAC, because Plaintiffs did not and cannot allege that Moda violated current Plan language.

## II.  MOTION

The Honorable Judge Youlee Yim You held a hearing on February 11, 2025, regarding Moda's Motion to Dismiss during which the Court concluded that Plaintiffs' allegations were insufficient to state a Claim for Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B).  The court granted Plaintiffs leave to file an amended complaint to address issues raised by Moda and the court regarding Plaintiffs' first claim under 29 U.S.C. § 1132(a)(1)(B) (see Motion to Dismiss, Section III.B), and set a deadline for Moda to file a supplemental motion to dismiss regarding the amended First Claim for Relief.

Pursuant to Fed. R. Civ. P. 12(b)(6), the Amended First Claim for Relief alleged in Plaintiffs' First Amended Complaint should be dismissed because Plaintiffs still do not allege an entitlement to relief under the terms of the Moda Health Plan.

## III.  FACTUAL BACKGROUND

Gerald S. is the father of V.S.  (Dkt. 36, ¶ 1).  Moda is a health insurance provider and was the insurer and claims administrator, as well as a fiduciary under ERISA, for a fully insured health benefits plan (the "Plan") providing coverage for Plaintiffs through Gerald S.'s employer from August 21, 2020 through December 31, 2020.  (Dkt. 36, ¶ 2).

In this action, Plaintiffs seek remedies for an alleged breach of the Plan related to treatment Plaintiff V.S. received at Evoke and Sunrise, facilities located in Utah.  (Dkt. 36, ¶¶ 3-4, 8).  Specifically, in Paragraph 4 of the FAC, Plaintiffs allege that "Evoke and Sunrise are programs located in Utah, which provide sub-acute inpatient care to adolescents with

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**
**Page 5**

mental health, behavioral, and/or substance abuse problems." (*Id*. at ¶4). Moda denied Plaintiffs' requests to cover treatment at each of the programs under the Plan. (*Id*. at ¶ 5).

The Evoke claim was denied because "prior authorization was not obtained and prior authorization was a prerequisite for out-of-network residential chemical dependency treatment. Plaintiffs request for a retrospective review of the Evoke claim was likewise denied because retrospective review was not allowed as the claims were not preauthorized." (*Id.* at ¶ 24).

The Plan defines Residential Program as follows:

> Residential Program means a state-licensed program or facility providing an organized full-day or part-day program of treatment. Residential programs provide overnight 24-hour per day care and include programs for treatment of mental health conditions or chemical dependency. Residential program does not include any program that provides less than 4 hours per day of direct treatment services.

(*Id.* at ¶ 37).

In support of its Level 2 appeal of denial of the Evoke claim, Plaintiffs submitted evidence to Moda that Evoke is licensed as an "outdoor behavioral health provider" and therefore, it did not need to comply with the pre-authorization requirement of a chemical dependency treatment provider[7], and "Evoke provided medically necessary services and it qualified as a provider to offer those services."[8]

///

///

---

[7] *Id.* at ¶65.

[8] *Id.* at ¶67.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**
**Page 6**

However, the Plan denied the appeal finding that under the Plan's definition of "Residential Program", pre-authorization was required and since no pre-authorization was sought by Plaintiffs, there was no coverage for the claim for services rendered by Evoke. (*Id*. at ¶30-31).

As for the Sunrise Claim, that claim was denied because Sunrise did not meet the definition of "Residential Facility" and the treatment was not "medically necessary" as defined by the Plan. (*Id.* at ¶¶ 33, 34, 38, 48). Plaintiffs requested an external agency review. (*Id.* at ¶ 49). The external review agency upheld Moda's denial of Plaintiffs' claim. (*Id.* at ¶ 55).

While liability is disputed, Plaintiffs allege that Moda's denial breached the Plan's terms and violated ERISA and the MHPAEA. (*Id.* at ¶ 59).

## IV.  LEGAL MEMORANDUM

### A.    Legal Standard

The Court may dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) where the claim fails to state a claim for relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The "[f]actual allegations [in the Complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**
**Page 7**

quotations omitted).

**B.      Plaintiffs' Section 1132(a)(1)(B) Claim Fails Because Plaintiffs Do Not Allege Entitlement to Relief Under the Terms of the Plan.**

Plaintiffs' First Claim for Relief, brought pursuant to 29 U.S.C. § 1132(a)(1)(B), fails as a matter of law because Plaintiffs have not alleged a violation of the Plan's terms.  Instead, Plaintiffs' claim, in essence, alleges that the Plan language should be **disregarded** because licensing agencies and/or other entities label service providers and/or code services differently than the services are defined and/or coded by the Plan.  The plain language of the Plan, and only the terms of the Plan, governs the definitions of relevant terms and whether services are covered under the Plan.  Therefore, such a claim is not actionable pursuant to § 1132(a)(1)(B).

Section 1132(a)(1)(B) authorizes a plan "participant or beneficiary" to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 1132(a)(1)(B) "speaks of *enforcing* the terms of the plan, not of *changing* them." *CIGNA Corp. v. Amara*, 563 U.S. 421, 436, 1313 S.Ct. 1866, 179 L.Ed.2d 842 (2011) (emphasis in original) (quotation marks and alterations omitted).  The statute, therefore, can authorize only enforcement of the Plan in accordance with its terms.  *Id.*  Indeed, the Supreme Court "ha[s] recognized the particular importance of enforcing plan terms as written" in such claims.  *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108, 134 S.Ct. 604, 187 L.Ed.2d 529 (2013).  "The plan, in short, is at the center of ERISA" claims. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101, 133 S.Ct. 1537, 185 L.Ed.2d 654 (2013).

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS
Page 8**

"Accordingly, a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (internal quotation marks omitted). Indeed, a Ninth Circuit panel affirmed a district court's finding that a plaintiff failed to state a claim because it did not "identify: (i) any ERISA plan . . . ; or (ii) any plan terms that specify benefits that the defendants were obligated to pay but failed to pay." *Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*, 805 Fed. App'x 530, 531 (9th Cir. 2020).

Plaintiffs' § 1132(a)(1)(B) claim therefore fails because Plaintiffs do not allege that Moda violated the Plan. Instead, Plaintiffs allege that Moda **complied** with the Plan (Dkt. 1, ¶¶ 22-25, 30-32, 42).

Paragraph 4 of Plaintiffs' FAC alleges that: "Evoke and Sunrise are programs located in Utah, which provide sub-acute inpatient care to adolescents with mental health, behavioral and/or substance abuse problems." Plaintiffs further allege Moda processed the claims under the billing code for "residential chemical dependence treatment program", which requires pre-authorization. (Dkt. 1, ¶¶24, 26). Additionally, Plaintiffs allege that the Evoke claim was denied by Moda because Plaintiffs did not obtain pre-authorization. (Dkt. 1, ¶¶ 24, 25). Plaintiffs therefore allege that Moda coded the treatment program provided at Evoke **for precisely what Plaintiff alleges the treatment program is in Paragraph 4 of its complaint**–in-patient care for substance abuse. Thus, the allegation in Paragraph 68 of Plaintiffs' FAC, respectively, i.e. that "Because Evoke was licensed as an outdoor behavioral health provider **it did not need to satisfy the requirements of a chemical dependency treatment provider**" does not save Plaintiffs' first claim under § 1132(a)(1)(B) from

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS
Page 9**

dismissal. The allegations that the Utah state licensing agency uses a different name for the services Evoke provides and/or other entities codes the services provided by Evoke differently than Moda is irrelevant. It is the Plan language that controls whether services are covered by the Plan. Only the definitions of the Plan and terms regarding covered services stated in the Plan are relevant to whether claims for services are approved. Allegations to disregard plan requirements or to instead interpret terms in light of outside regulations or bill coding procedures is nothing more than a veiled argument that the Plan language should be reformed to provide an exception to the governing language of the Plan.

Section 1132(a)(1)(B) "speaks of *enforcing* the terms of the plan, not of *changing* them." *CIGNA Corp. v. Amara*, 1313 S.Ct. 1866 (2011) (emphasis in original) (quotation marks and alterations omitted). The statute, therefore, can authorize only enforcement of the Plan in accordance with its terms. *Id.* Indeed, the Supreme Court "ha[s] recognized the particular importance of enforcing plan terms as written" in such claims. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct. 604 (2013).

Since Plaintiffs allege that Moda determined that the Evoke program was a "residential chemical dependence treatment program" and additionally allege that Moda denied Plaintiff V.S.'s claim because Plaintiff V.S. did not obtain pre-authorization for the claim as required by the Plan for "out-of-network residential chemical dependency treatment"[9], Plaintiffs allege Moda complied with the terms of the Plan by denying Plaintiff V.S.'s claim for treatment at Evoke.

///

---

[9] Dkt. 1, ¶25.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

Likewise, regarding Moda's denial of payment relating to treatment Plaintiff V.S. received at Sunrise, Plaintiffs allege Moda complied with the terms of the Plan. Specifically, in Paragraph 38, Plaintiffs allege that as per the Plan booklet, the following definition of "Residential Program" applies to the claim for the in-patient care received by Plaintiff V.S. at Sunrise:

> Residential Program means a state licensed program or facility for providing an organized full-day or part-day program of treatment. Residential programs provide overnight 24-hour per day care and include programs for treatment of mental health conditions or chemical dependency. **Residential program does not include any program that provides 4 hours per day of direct treatment services**. (emphasis added).

(Dkt. 36, ¶ 37). In Paragraph 48 of their Complaint, Plaintiffs allege that the Plan requires the following criteria for admission into a residential facility:

- The patient cannot be treated safely and effectively at a lower level of care due to 1 or more of the following:
  - Serious and persistent psychosocial impairments that have failed to respond to treatment at all appropriate lower levels of care, or documentation of why such treatments are reasonably expected to be insufficient to meet the member's needs. (Note: Non-participation does not constitute failure at a lower level of care).
  - Danger to self or others.
  - Profound role failure; or
  - The appropriate lower level of care is not reasonable available to the patient.
- Discharge planning, including coordination with established outpatient providers, begins at time of admission.

(Dkt. 36, ¶ 48). Plaintiffs allege that Moda reviewed the patient's history and determined that the above stated criteria in the Plan were not met. (Dkt. 36, ¶¶ 34, 42, 48, 55). Plaintiffs further allege that, ". . . based on the Medical Consultant's review of submitted documentation, it was not clearly established that the policy criteria for residential treatment is met. Per the notes, the programming appeared to be predominately educational in nature

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS
Page 11

and the treatment structure required by policy was not demonstrated." (Dkt. 36, ¶ 48). Plaintiffs further allege that Plaintiff V.S.'s ". . . . Progress notes reflect[ed] 2 hours of treatment services in the evening per day." (Dkt. 36, ¶ 55). Thus, Plaintiffs do not allege that Moda violated a term of the Plan. Rather, they allege that the Plan assessed the patient's record and determined that, based upon her history, in-patient treatment was not medically necessary, and that regardless, the treatment at Sunrise does not qualify under the plain language of the definition in the Plan for Residential Program, because it was for only 2 hours per day. The Plan clearly provides that, ". . . . Residential program does not include any program that provides 4 hours per day of direct treatment services." (Dkt. 36, ¶ 37).

As such, Plaintiffs' allegations in Paragraphs 25-28 are allegations for a **change** in the Plan definition of Residential Program to include programs requiring less than 4 hours of treatment per day, not allegations that the Plan violated an existing Plan provision. Likewise, Plaintiffs' allegation in Paragraph 38 of the FAC that "that Sunrise clearly met the definition of a residential program . . . not only was Sunrise duly licensed by the State of Utah to provide residential care, but it was also fully accredited by The Joint Commission", are irrelevant. (Dkt. 36, ¶38). Like the allegation that Evoke is licensed by the state as an "outdoor behavioral health program" and therefore, the Plan definitions should be disregarded, the allegation in Paragraph 38 that Sunrise is duly licensed as a "residential program" is nothing more than another veiled attempt to disregard the plain language of the Plan as to what constitutes a "Residential Program", which specifically excludes any programs with less than 4 hours of direct treatment services from the definition, and thus, coverage under the Plan.

///

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**
**Page 12**

Plaintiffs' FAC fails to allege Moda violated the terms of the Plan and thus, fails to state a claim for recovery of benefits. Therefore, the claim for violation of § 1132(a)(1)(B) fails as a matter of law and must be dismissed by the Court.

## V. CONCLUSION

Plaintiffs' claim under § 1132(a)(2)(B) fails on its merits. Plaintiffs have not alleged a violation of the Plan. Instead, Plaintiffs allege that Moda complied with the Plan. The Court should grant this motion and dismiss the claims against Moda.

DATED: April 8, 2025

BULLIVANT HOUSER BAILEY PC


By   *s/ Peder Rigsby*
Peder Rigsby, OSB #104903
Sean D. McKean, OSB #204142
Tracy L. Mainguy, *pro hac vice*
Telephone: 503.228.6351

*Attorneys for Defendant Moda Health*

4921-7157-8929.3 30766/00153

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS**
**Page 13**