Megan Glor, OSB # 930178
Email: megan@meganglor.com
**Megan E. Glor Attorneys at Law**
707 NE Knott Street, STE 101
Portland, OR 97212
Telephone (503)751-2064
Facsimile: (503)751-2071

Brian S. King, #4610
brian@briansking.com
**BRIAN S. KING, P.C.**
420 East South Temple, Ste 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GERALD S. and V.S., <br><br> Plaintiffs, <br><br> v. <br><br> MODA HEALTH, <br><br> Defendant. | Civil No.: 3:24-cv-00426-YY <br><br> PLAINTIFFS' OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS |

Plaintiffs Gerald S. and V.S., through their undersigned counsel, hereby oppose the supplemental motion to dismiss filed by Defendant Moda Health ("Moda").

## OVERVIEW

After the Court invited Plaintiffs to amend their complaint to adequately state their first cause of action for wrongful denial of benefits, Plaintiffs amended their complaint to add several allegations demonstrating that Moda violated the terms of the Plan when it denied V.S.'s claims for the treatment he received at two facilities, Evoke and Sunrise. Defendant again moves to dismiss this cause of action, arguing that Plaintiffs conceded that Evoke was not covered under the terms of the Plan and that Sunrise does not meet the Plan's definition of a residential treatment program. Both arguments miss the mark. Plaintiffs made no concession concerning Evoke, and Sunrise should have been covered either as a "provider" or as a residential treatment program under the terms of the Plan. Accordingly, the Court should deny Defendant's motion.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to meet this standard, it may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss under Rule 12(b)(6), the reviewing court must "accept the allegations in the complaint as true" and "draw all reasonable inferences in favor of the plaintiff." *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021). Similarly, the Ninth Circuit has held that "[w]hen considering a motion to dismiss, the district court accepts as true the factual allegations of a complaint and interprets those facts in the light most favorable to the plaintiff." *Beverly Oaks Physicians Surgical Ctr., Ltd. Liab. Co. v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020).

Page 2 - PLAINTIFFS' OPPOSITION TO DEFENDANT'S
SUPPLEMENTAL MOTION TO DISMISS

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
503-223-7400

When so viewed, a complaint will survive a motion to dismiss if the allegations "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible where a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Specific facts," however, are not necessary"; "the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (internal quotation marks and citation omitted). In other words, the complaint must provide just "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010).

Plaintiffs have more than met the relevant standard. Plaintiffs' Amended Complaint alleges sufficient facts to support their wrongful denial of benefits claims with respect to both Evoke and Sunrise. Accordingly, the Court should deny Defendant's motion to dismiss.

## ARGUMENT

### I. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THAT DEFENDANT WRONGLY DENIED BENEFITS FOR EVOKE AND SUNRISE UNDER THE TERMS OF THE PLAN.

**A. Evoke**

Plaintiffs' Amended Complaint alleges the following facts concerning Defendant's denials for V.S.'s treatment at Evoke:

1. Evoke was not a residential treatment program. *See* Amended Complaint, ECF Doc. No. 36 ¶¶ 4, 25-26, 65.

2. Instead, Evoke was a licensed outdoor behavioral health program. *See id*. ¶¶ 25, 65

3. As an outdoor behavioral health program, Evoke qualified as a "provider" under the terms of the Plan. *Id.*   69.

4. Outdoor behavioral health programs are not residential treatment programs, because they have different licensures and have been assigned a completely different revenue billing code (which was in use for more than five years by the time Moda denied claims for treatment at Evoke).  *See id*. ¶¶ 25-26.

5. The terms of the Plan do not require preauthorization for treatment received at outdoor behavioral health programs. *See id*. ¶¶ 66-68.

6. Despite this, Defendant denied coverage for V.S.'s claims for the treatment she received at Evoke. Defendant contended preauthorization was required because Evoke was a residential treatment program. *See id*. ¶¶ 63-64.

7. This denial was wrongful because Defendant applied a preauthorization requirement to services that are not subject to that requirement under the terms of the Plan.  *See generally id*.

In its supplemental motion to dismiss, Defendant ignores the thrust of Plaintiffs' argument and argues that Plaintiffs have somehow conceded that Evoke was a residential treatment program and thus properly excluded under the terms of the Plan. *See* ECF Doc. No. 38 at 4 (claiming "Plaintiffs concede that both Evoke and Sunrise are inpatient residential programs.").  Defendant is incorrect. Plaintiffs have consistently alleged that outdoor behavioral health programs are *not* residential treatment programs and therefore are *not* subject to the Plan's preauthorization requirement.

Defendant attempts to bolster its argument that Plaintiffs "concede" Evoke is a residential treatment program by stating that paragraph 4 of Plaintiffs' Amended Complaint indicates "Evoke and Sunrise are programs located in Utah[ ] which provide sub-acute inpatient care to adolescents with mental health, behavioral, and/or substance abuse problems." *Id*. This argument invites for the Court to improperly draw inferences and find facts in favor of Defendant, and against Plaintiffs, in resolving Defendant's motion to dismiss Plaintiffs' first cause of action. *See Beverly Oaks Physicians Surgical*, 983 F.3d at 439 (advising courts to draw inferences in favor of plaintiffs, not defendants, at the motion to dismiss stage of proceedings).

Outdoor behavioral health programs, like Evoke, are sub-acute inpatient programs. This does not mean they are residential treatment programs, any more than skilled nursing facilities or inpatient hospice facilities (which also provide sub-acute inpatient care) are simultaneously residential treatment programs.

Defendant further argues, in bold letters, that "Plaintiffs [ ] allege that Moda coded the treatment program provided at Evoke **for precisely what Plaintiff** [sic] **alleges the treatment program is in paragraph 4 of its** [sic] complaint – in-patient care for substance abuse." ECF Doc. No. 38 at 9. This argument is misplaced. Defendant took the Plan's requirements for two different types of treatment settings (residential treatment programs and chemical dependency programs) and attempted to shoehorn Evoke, which is an outdoor behavioral health program (a different setting with a different nationally recognized billing code, accreditation, and licensure), into it. Its insistence that the Court interpret the Amended Complaint as "conceding" this point is merely a veiled argument for the Court to find facts in Defendant's favor. Because Defendant is

not entitled to deference at the motion to dismiss stage, the Court should deny Defendant's supplemental motion to dismiss with respect to the treatment V.S. received at Evoke.

### B. Sunrise

The Amended Complaint alleges the following facts regarding Defendant's denials for the treatment V.S. received at Sunrise:

1. Defendant denied V.S.'s claims for treatment she received at Sunrise because it maintained "[r]esidential program does not include any program that provides less than 4 hours per day of direct treatment services." ECF Doc. No. 36 ¶ 37.

2. Sunrise meets the Plan's definition of a residential program, as defined by the Plan, because:

    a. It is licensed to provide residential care by the State of Utah. *See id.* ¶ 38.

    b. It is accredited by the Joint Commission. *See id.*

3. In the alternative, even if it does not meet the Plan's definition of a residential program, it meets the Plan's definition of "provider" for purposes of providing mental health treatment. *See id.*

4. Because both residential programs and mental health "providers" are covered under the terms of the Plan, this means medically necessary treatment Sunrise should have been covered either way. *See id.*

5. Accordingly, Defendant erred when it refused to cover residential treatment at Sunrise on the basis of an argument that it did not meet the Plan definition for "residential program." *See id.* ¶ 54.[1]

---

[1] Defendant also denied V.S.'s treatment on the logic that it was not medically necessary. Defendant does not rest on this denial rationale as a basis for dismissal, so Plaintiffs do not

Defendant argues: "The fact that licensing authorities and other entities define and/or code services provided by the Plan differently than how the Plan defines and/or codes the same services is not grounds for disregarding the Plan language, which controls whether services are covered by the Plan." ECF Doc. No. 38 at 3. Defendant also argues: "Controlling precedent is clear that the plain language of the Plan determines how services rendered by providers are defined and whether services are covered by the Plan, not the labels provided for the same services by licensing agencies, or codes adopted by outside entities." *Id*. at 3-4.

Defendant ignores Plaintiffs' argument that Sunrise qualified as a "provider" under the terms of the Plan, which Plaintiffs allege as an alternate ground for coverage. *See S.B. v. Blue Cross Blue Shield of Ill.*, 2025 U.S. Dist. LEXIS 16272, *20-22 (D. Utah Jan. 29, 2025) (faulting an ERISA administrator for failing to address a claimant's argument that a facility the claimant's child received treatment at met an ERISA plan's generic definition as a "provider" even if it did not meet the definition of a residential treatment program). Defendant should have responded to that argument in its denial letters, but opted not to do so. *See id*. at *26-28 (noting that because ERISA administrators bear "the burden of showing that a loss falls within an exclusionary clause of the policy[,]" arguments that a particular facility meets a plan definition as a "provider" should be affirmatively responded to in denial correspondence). Accordingly, the Court should deny Defendant's supplemental motion to dismiss with respect to the treatment V.S. received at Sunrise.

/ /

---

address their contention here that this denial was also in error. Plaintiffs anticipate that they will address this denial rationale in dispositive briefing if the Court does not dismiss their first cause of action with respect to Sunrise.

Page 7 - PLAINTIFFS' OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's supplemental motion to dismiss.

DATED this 22nd day of April, 2025.

                                                s/ Megan Glor
                                                Megan Glor, OSB # 930178
                                                Telephone (503)751-2064

                                                s/ Brian S. King
                                                Brian S. King, *pro hac vice;* UT #4610
                                                Telephone: (801) 532-1739

                                                *Attorneys for Plaintiffs*