UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

GERALD S., and V.S.,

    Plaintiffs,

v.

MODA HEALTH

    Defendant

No 3:24-cv-426-YY

### JOINT SCHEDULING AND DISCOVERY REPORT

Pursuant to the Federal Rules of Civil Procedure 16, 26(f) the undersigned parties submit this Joint Scheduling and Discovery Report. Plaintiffs Gerald S., and V.S., and Defendant Moda Health agree to the following:

**Case Summary:**

This case involves claims for unpaid medical benefits under ERISA, 29 USC § 1132(a)(1)(b), and claims for violation of the federal Mental Health Parity and Addiction Equity Act (MHPAEA) brought under ERISA, 29 U.S.C. § 1132(a)(3), and claims for statutory penalties brought under 29 U.S.C. § 1132(a)(1)(A) and (c).

The parties agree that this case is governed by ERISA, 29 U.S.C. § 1001 *et seq.* and by the requirements of MHPAEA, to the extent Plaintiffs' Second Cause of Action is permitted to proceed. However, the parties disagree about the extent to which, if at all, the Plaintiffs may conduct discovery.

**Scheduling Plan**

- The deadline to joinder additional parties or amend pleadings is **November 19, 2025.**
- The parties will exchange the initial disclosures, which includes the full and complete pre-litigation appeal record, required by Rule 26(a)(1), by **September 29, 2025.**
- 45 days after the prelitigation appeal record is produced to plaintiffs, plaintiffs will communicate any issues or concerns regarding the record's completeness to defendant's counsel and the parties shall confer to resolve those issues, before requesting intervention by the Court.

- The deadline for the Plaintiffs to bring a Motion to the Court to Supplement the Record is **November 12, 2025**

- Fact discovery shall be completed, and the parties shall designate experts by **December 11, 2025.**

- Expert Reports are due **January 14, 2026.**

- Expert discovery shall be completed by **February 19, 2026.**

- The deadline for parties to file their cross motions for summary judgment is **April 15, 2026.**

**Discovery Plan Report:**

    Pursuant to Federal Rule of Civil Procedure 26(f), the parties developed the following discovery plan:

(a) Whenever feasible, the parties will produce all electronically stored information in Bates-stamped, pdf format.

(b) The parties have agreed that if any party produces electronically stored information, or other documents that the producing parties' claims are privileged, they will notify the opposing party or parties within a reasonable time.

(c) Defendant disputes that discovery is proper beyond the full and complete pre-litigation appeal record. To the extent additional discovery is permitted, at this time, the parties do not foresee any need for any variance from the rules pertaining to discovery, including any variance from the limit of ten (10) depositions per side provided by Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) written interrogatories per side provided by Fed R. Civ. P. 33(a)(1); however if circumstances change, the parties will request leave of Court to conduct additional depositions and/or interrogatories.

(d) As to the claims brought in the First Cause of Action, the parties agree that discovery is limited to the full and complete pre-litigation appeal record. In the event there is a dispute as to the completeness of the pre-litigation appeal record, the parties may bring a motion with the court by **November 12, 2025.** If there is a dispute about the amount at issue in the case, and/or the Plaintiffs' desire to conduct discovery relating to a conflict of interest, a party may bring a motion with the court, to have such issues determined by the court by **November 19, 2025**. The motion shall include such discovery as is proposed and a memorandum supporting the proposed discovery.

(e) As to the Second Cause of Action, their MHPAEA claim brought under 29 U.S.C. § 1132(a)(3), the Plaintiffs do not believe discovery should be subject to the same discovery limitations as exist for denial of benefit claims brought under 29 U.S.C. §1132(a)(1)(B). *Smith v. Golden Rule Ins. Co.*, 526 F.Supp.3d 374, 388-390 (S.D. Ind. 2021) (referencing need for discovery in MHPAEA cases); *Nancy S. v. Anthem Blue Cross & Blue Shield*, 2020 U.S. Dist. LEXIS 91827, *14 (D. Utah 2020) (MHPAEA claims "generally require further discovery to evaluate whether there is a disparity" between mental health and substance use disorder treatment and analogous medical/surgical treatment); *T.E. v. Anthem Blue Cross*, 2023 U.S. Dist. LEXIS 50336, *16 (W.D. Ky. 2023) ("information about how insurance companies process treatment limitations will often be in the hands of the insurers alone"); *K.K. v. Premera Blue Cross,* 2022 U.S. Dist. LEXIS 95710, *7, n. 2 (W.D. Wash. 2022) (referencing need for discovery in MHPAEA cases). Plaintiffs request the full scope of relevant discovery allowed by the Federal Rules of Civil Procedure for their MHPAEA claim brought under 29 U.S.C. §1132(a)(3). Defendant disagrees with Plaintiff's position and believe that both of Plaintiffs' ERISA claims should be limited to the pre-litigation appeal record, consistent with ERISA and the MHPAEA and their implementing regulations. The parties dispute whether Defendant should be required to file a motion limiting the permissibility of discovery as to the Second Cause of Action.

(f) While Defendant disputes Plaintiffs are entitled to any discovery outside of the administrative record, the parties agree to limit any such discovery to ten (10) depositions per side and twenty-five (25) interrogatories per party, to the extent it is permitted by the Court.

DATED this August 29, 2025

Respectfully submitted,

/s/ *Brian S, King.*
*Admitted Pro Hac Vice*
BRIAN S. KING, P.C.
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com

By /s/ *Peder Rigsby*
Peder Rigsby, OSB #104903
Sean D. McKean, OSB #204142
Tracy L. Mainguy, *pro hac vice*
Telephone: 503.228.6351

*Attorneys for Defendant*

***Megan E. Glor***
Megan E. Glor, Attorney at Law PC
707 NE Knott Street
Suite 101
Portland, OR 97212
503-223-7400
Fax: 503-751-2017
Email: megan@meganglor.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2025, a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system.

/s/ *Brian S, King*